

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:11CR31 |
| | § | |
| JUSTIN LEE THOMPSON | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 7, 2011 to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Miriam Rea.

On July 7, 2006, Defendant was sentenced by the Honorable Michael H. Schneider, United States District Judge, to a sentence of 60 months imprisonment followed by a 5-year term of supervised release, for the offense of possession of a firearm in furtherance of drug trafficking. Defendant began his term of supervision on July 27, 2010.

On March 10, 2011, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 3). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) If convicted of a felony, Defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon; (4) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance except as prescribed by a physician; (5) Defendant shall not associate with any

persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (6) Defendant shall not commit another federal, state, or local crime; (7) Defendant shall refrain from any unlawful use of a controlled substance. Defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as determined by the Court; (8) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician; (9) Defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, Defendant shall participate in a program approved by the probation officer for treatment of narcotic addition or drug or alcohol dependency which may include testing and examination to determine if Defendant has reverted to the use of drugs or alcohol. Defendant may be required to contribute to the cost of the services rendered (co-payment) in an amount to be determined by the probation officer, based on Defendant's ability to pay; and (10) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

The Petition alleges that Defendant committed the following violations: (1) On January 30, 2011, officers with the Fannin County Sheriff's Office conducted an undercover buy-bust operation in Fannin County, Texas. Officers dropped off a confidential informant (CI) at a convenience store. Officers observed a suspect's vehicle leave the parking lot of the store and a traffic stop was initiated. Contact was made with the driver of the vehicle, identified as the defendant, who stepped out of the vehicle and walked to the rear. The officer walked to the passenger side of the vehicle to

make contact with the passenger when he observed a small, clear baggy with a white substance inside laying on the driver's seat. The vehicle was searched and what appeared to be a semi-automatic pistol was observed but was later determined to be a semi-automatic air pellet pistol. When officers reached in to secure the weapon, a small, silver and black .22 caliber revolver was also located. in the vehicle's center console cup holder and a glass pipe with a white substance inside it. Defendant and passenger, Jacob Monson, were arrested and transported to the Fannin County Jail and charged with possession of a controlled substance - 1>1G in a Drug Free Zone. Defendant was released on $15,000 bond and the case remains pending in Fannin County, Texas; (2) Defendant violated Texas Health and Safety Code § 481.333 - falsification of drug test results - a Class B misdemeanor, in that on September 23, 2010, he reported to WNJ Workmed, Sherman, Texas, and submitted a random urine specimen that tested positive for methamphetamine, via a hand-held testcup collection. The speciman was forwarded to Alere Toxicology for confirmation, which reported the specimen result was invalid, diluted, and not consistent with normal human urine. Defendant later admitted verbally and in writing to using methamphetamine. Defendant submitted diluted urine specimens to WNJ Workmed, Sherman, Texas, on October 20, 2010, and November 30, 2010; (3) On September 28, 2010, October 20, 2010, December 14. 2010, and December 22, 2010, Defendant submitted urine specimens which tested positive for methamphetamine. The specimens confirmed positive for methamphetamine by alere Toxicology; (4) On September 28, 2010, Defendant signed an admission admitting to using methamphetamine on September 23, 2010; (5) Defendant failed to submit random urine specimens at WNJ Workmed, Sherman, Texas, on August 11, 2010, September 20, 2010, October 4, 2010, and December 10, 2010. Defendant also failed to attend substance abuse counseling at Pillar Counseling, Sherman, Texas, on October 1 and

8, 2010, November 15, 2010, January 14, 1011, and February 11 and 18, 2011; and (6) Defendant was arrested by the Fannin County Sheriff's Department on January 30, 2011. Defendant was released on a $15,000 bond that same date. On February 23, 2011, the U.S. Probation was notified of his arrest via an FBI Flash Notice. As of March 10, 2011, Defendant has failed to notify the U.S. Probation of his arrest.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the June 7, 2011 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with fifty-one (51) months of supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas, if appropriate.

**SIGNED this 7th day of July, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE