# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:11cr31 |
| | § | |
| JUSTIN LEE THOMPSON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 14, 2014, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Camelia Lopez.

On July 7, 2006, Defendant was sentenced by the Honorable Sam Sparks, United States District Judge, to a sentence of 60 months imprisonment followed by a five-year term of supervised release for the offense of possession of a firearm in furtherance of a drug trafficking crime. The term of supervised release was revoked on July 12, 2011, and the offender was sentenced to nine months imprisonment followed by an additional 51 months of supervised release. The case was transferred to the Honorable Marcia A. Crone on July 22, 2014.

On August 1, 2014, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 12). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or

local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; and (5) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On May 29, 2014, Defendant was arrested by the Whitesboro, Texas, Police Department for the offense of Burglary of a Building. He was released the same day on a $5,000 bond; (2) Defendant violated Texas Health and Safety Code § 481.333, Falsification of Drug Test Results, a Class B misdemeanor, in that on February 10, and April 25, 2014 he reported to Heritage Park Plus in Sherman, Texas, and submitted a random urine specimen that tested positive for benzodiazepines via hand-held testcup collection. He also submitted on September 5, 2013, a random urine specimen that tested positive for methamphetamine via a hand-held testcup. These specimens were forwarded to Alere Toxicology for confirmation, which reported each specimen result was invalid, diluted, and not consistent with normal human urine. Additionally, on July 9, 2014, Defendant reported to the U.S. Probation Office and submitted a random urine specimen that tested positive for methamphetamine via hand-held testcup collection. The specimen was forwarded to Alere Toxicology for confirmation, which reported the specimen was diluted; (3) On May 27, and July 9, 2014, Defendant submitted urine specimens at the U.S. Probation Office that tested positive for

methamphetamine.  Defendant admitted to said use; (4) From May 1, 2014, to July 1, 2014, Defendant was residing, without permission from the U.S. Probation Office, with Daniel Ortega, a convicted felon; and (5) On May 23, 2014, Defendant admitted to changing residence without notifying the U.S. Probation Office within 72 hours.  Defendant had moved in April 2014.

At the hearing, Defendant entered a plea of true to allegations two, three, four and six and a plea of not true to allegations one and five.  Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.  The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the August 14, 2014 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, with no supervised release to follow.  The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in El Reno, OK, if appropriate.

**SIGNED this 25th day of August, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE